**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:15-cv-01120**

GREAT NORTHERN INSURANCE COMPANY, an Indiana corporation,

Plaintiff,

v.

TOTO U.S.A., INC., a Delaware corporation,

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

This matter comes before the Court on Plaintiff Great Northern Insurance Company and Defendant Toto, U.S.A., Inc.'s (together the "parties") Joint Motion for Entry of a Protective Order ("Motion"). The Court has reviewed the Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1)   This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2)   As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3)   Information designated "CONFIDENTIAL" shall be information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1), or that contains (a) proprietary information of the Parties; or (b) information containing company trade secrets.

{00155273.1 }

4) Confidential documents, materials, and/or information (collectively "Confidential Information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a) attorneys, whose law firms have entered an appearance in this case;

(b) persons regularly employed by the law firms which have entered an appearance in this case whose assistance is required by those attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) any third party neutral chosen by the parties for the purposes of alternative dispute resolution; and

(i) other persons by written agreement of the parties.

5) Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order.

6) Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, parties, and consulting experts or expert witnesses who are

participating in the prosecution or defense of this action, and other persons to whom disclosure of any other parties' documents or confidential information may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

7) Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

8) Any party who inadvertently fails to identify documents or information as Confidential shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9) Any party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return or certify the destruction of such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

10) Any party desiring to file a document designated by the other party as Confidential shall redact all Confidential Information prior to filing. No later than seven (7) days prior to filing the document, the filing party shall share a copy of the redacted document with the designating party for confirmation that all Confidential Information has been redacted. The designating party shall respond within three (3) days after receiving the redacted document,

either confirming that all Confidential Information has been redacted or specifically identifying the additional Confidential Information to be redacted by the filing party. If the filing party disputes the additional Confidential Information identified by the designating party, the Parties shall follow the provisions of paragraph 13 of this Order. If the filing party deems it critical that the Court see the Confidential Information, the filing party shall request a narrow order restricting public access and show good cause. The designating party shall provide the filing party with the information identified in D.C.COLO.LCivR 7.2(c) seven (7) days after receipt of a request from the filing party.

11) Whenever a deposition involves the disclosure of Confidential Information, the portions thereof that involve the disclosure of Confidential Information shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Portions of the transcript containing Confidential Information may be separately bound or otherwise designated by the court reporter, who must affix to each such page the legend "CONFIDENTIAL".

12) Nothing in this Order shall preclude any party or its attorneys from (a) showing a document designated Confidential at a deposition or other proceeding to an individual who prepared, received, reviewed or had access to the document prior to his or her deposition, (b) using at a deposition or other proceeding of an employee, former employee or expert of a party any document that the employee's or expert's party designated Confidential, or (c) disclosing or

using, in any manner or for any purpose, any information or documents that the party itself has designated Confidential.

13) A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) days after the time the notice is received, it shall be the obligation of the designating party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Stipulated Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that the information should be treated as Confidential.

14) In the absence of a stipulation of the parties or further order of the Court, the fact that a document or information divulged is designated Confidential shall not be admissible into evidence, nor shall the trier of fact be advised of such designation during the trial of this action. The Designating Party shall be entitled, but not required, not later than fourteen (14) days prior to the date set for trial, to copy and deliver at its own expense to the opposing party unmarked copies of documents containing Confidential Information.

15) At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential or which contain summaries of Confidential Information shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents; provided, however, that counsel for each Party may retain one copy of the Confidential documents for the sole purpose of

maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents. Counsel retaining any such documents shall destroy them pursuant to the retaining firm's document retention policy, a copy of which shall be provided to opposing counsel. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with a written certification confirming the destruction.

16) Nothing in this Stipulated Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Stipulated Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

17) This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 10th day of November, 2015.

BY THE COURT:

*[signature: Brooke Jackson]*

_____

Judge R. Brooke Jackson
United States District Court Judge